[Civ. No. 1401.   Second Appellate District.—February 25, 1914.]

# LOS ANGELES OLIVE GROWERS ASSOCIATION (a Corporation), Appellant, v. PACIFIC SURETY COMPANY (a Corporation), Respondent.

DAMAGES—CONTRACTS PURPORTING TO LIQUIDATE—VALIDITY OF STIPULATIONS.—The rule that where an agreement contains provisions for the performance or nonperformance of several acts of different degrees of importance, and then a certain sum is stipulated to be paid upon a violation of any or all of such provisions, and the sum will be in some instances too large and in others too small a compensation for the injury thereby occasioned, such sum is to be treated as a penalty, and not as liquidated damages, is modified by sections 1670 and 1671 of the Civil Code, which provide that every contract by which the amount of damage to be paid for a breach of an obligation is determined in anticipation thereof is to that extent void, except that the parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.

ID.—SECTIONS 1670 AND 1671 OF THE CIVIL CODE—PRESUMPTION AS TO WHICH IS APPLICABLE.—The rule of section 1670 of the Civil Code that agreements purporting to liquidate damages are void, is presumed to apply in all cases, unless the party seeking to recover under the agreement shows by averment and proof that his case comes under the exception in section 1671, that parties to a contract may stipulate the amount of damages for a breach thereof, when it would be impracticable or extremely difficult to fix the actual damage.

ID.—ACTION ON BOND—LIQUIDATED DAMAGES—SUFFICIENCY OF COMPLAINT.—In an action on a bond given to secure the performance of a contract to supply laborers to harvest a crop of olives, an allegation in the complaint "that it would be and was and is impracticable or extremely difficult to fix the actual damages suffered by the plaintiff by reason of said breach," is sufficient to bring the case within the rule of section 1671 of the Civil Code, providing that the parties to a contract may stipulate the measure of damages for a breach thereof when it would be impracticable or extremely difficult to fix the actual damage.

ID.—INVALID PORTION OF CONTRACT—REJECTION AS SURPLUSAGE—SUFFICIENCY OF COMPLAINT.—Where a provision in a contract to furnish laborers to harvest an olive crop, which fixes the damages in case of a breach, may, if invalid, be rejected as surplusage, and

the remainder of the contract, and the bond given to secure its performance, be enforced, a complaint in an action on the bond which alleges the making of the contract, the giving of the bond, a breach of its covenants and resulting damages, states a cause of action for actual damages, regardlesss of the invalidity of the provision purporting to liquidate damages.

Id.—Breach of Covenant—Pleading Notice to Surety.—An allegation in such a complaint that the plaintiff gave due notice to the defendant of the breach of the contract, as provided in the bond, is sufficient, under section 457 of the Code of Civil Procedure, without alleging the facts as to the giving of the notice.

Id.—Notice to Surety—Promissory Warranty.—The provision of the bond requiring notice of the breach of the contract to be given to the surety by the plaintiff was not a promissory warranty.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, for Appellant.

Parker & Moote, for Respondent.

SHAW, J.—Action to recover damages upon a surety bond conditioned for the faithful performance of a contract made by plaintiff with one Rukichi Tajiri whereby the latter, for the consideration therein specified, agreed to furnish plaintiff with capable Japanese labor in the picking and harvesting of plaintiff's olive crop.

Defendant interposed a demurrer to the complaint, which was sustained without leave to amend. Judgment of dismissal followed, from which plaintiff appeals.

The contract and bond are both set out *in haec verba* in the complaint, from which it appears that on October 10, 1910, Tajiri entered into a contract with plaintiff which, among other things, provided that he should furnish plaintiff orderly and capable Japanese men· to pick the olives then growing in plaintiff's olive orchards. The contract contained the following, among other provisions:

"It is further understood that the party of the second part (Tajiri) is to furnish a good and acceptable bond to the party of the first part in the amount of $1000, which amount it is hereby agreed shall be the amount of damages to the party of

the first part in case the party of the second part (Tajiri) fails to fulfill this agreement."

Pursuant to the provision of the contract requiring him so to do, Tajiri secured from defendant a bond executed by it in the sum of one thousand dollars, payable to plaintiff, and conditioned that Tajiri should well and faithfully perform said contract so made with plaintiff, according to its terms and conditions, in which case it was declared the bond should be null and void; otherwise to remain in full force and effect. This bond, as declared therein, was executed by the surety company upon certain express conditions—namely: that plaintiff as obligee therein should fully perform all the covenants contained in said contract on its part agreed to be performed, and notify the surety "in writing of any act on the part of the said principal or his agents or employees which may involve a loss for which the said surety is responsible hereunder, within ten days after the obligee or any representative duly authorized by him to oversee the performance of said contract shall learn of said act; and a registered letter mailed to the general agents of said surety at their office in Los Angeles, Cal., shall be the notice required within the meaning of this bond." The complaint further alleged that on December 1, 1910, Tajiri entered upon and proceeded with the performance of the contract, and "about January 1, 1911, when said contract had been only partially performed, wholly failed, neglected and refused to further carry out or fulfill the terms and conditions, or any of the terms and conditions, of his said contract with the plaintiff, and wholly abandoned the same and failed, neglected and refused to further carry out and perform the same or any of the same or any part thereof; and that the said contract was never carried out or performed by the said Tajiri or otherwise or at all; of all of which the plaintiff duly notified the defendant Pacific Surety Company in writing as in and by said bond provided."

"That plaintiff did and performed each and every and all things required of it by its said contract with the said Tajiri prior to the said abandonment thereof, and was at all times ready, able and willing to carry out and complete the same according to the terms and tenor thereof.

"That it would be and was and is impracticable or extremely difficult to fix the actual damages suffered by the

plaintiff by reason of the said breach, to wit: the said abandonment by said Tajiri of the said contract, and by reason of such impracticability or extreme difficulty of fixing such damages the sum of $1000 was agreed upon by plaintiff and the said Tajiri in said contract as liquidated damages for such breach and not as a penalty; but that plaintiff is informed and believes and upon its information and belief alleges that said damages exceeded the sum of $1000.

"That though often requested so to do the defendant Pacific Surety Company and the said Tajiri and each of them have failed, refused and neglected, and still fail, refuse and neglect to indemnify plaintiff for its damages suffered by reason of the abandonment by the said Tajiri of his said contract with plaintiff."

The prayer was for judgment against defendant for the sum of one thousand dollars.

In addition to the general demurrer interposed, it was also alleged that the complaint was uncertain, ambiguous, and unintelligible for the reason, among others, that it could not be ascertained therefrom "at what time or in what manner the plaintiff notified the defendant of the failure of R. Tajiri to carry out said contract."

By the terms of the contract Tajiri covenanted to do a number of things varying in degree of importance. He was to furnish bedding and food for the men; keep one general foreman who spoke English, and a boy who spoke English with every twenty men; pick the fruit clean; not thrash the trees with clubs; and not allow any one connected with the Japanese camp to furnish intoxicating liquors to any of plaintiff's white help. For a failure to comply with any one of these provisions, it was stipulated in the contract that the amount of damage sustained by reason of such noncompliance should be the sum of one thousand dollars. Says Mr. Pomeroy in his work on Equity Jurisprudence, section 443: "Where an agreement contains provisions for the performance or nonperformance of several acts of different degrees of importance, and then a certain sum is stipulated to be paid upon a violation of any or of all of such provisions, and the sum will be in some instances too large and in others too small a compensation for the injury thereby occasioned, that sum is to be treated as a penalty, and not as liquidated damages."

Applying this rule, respondent insists that the sum of one thousand dollars damages stipulated in the contract must be regarded as a penalty. Looking to the code, however, we find the rule modified by section 1670 of the Civil Code, as follows: "Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section." The next section, 1671 of the Civil Code, provides: "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." It thus appears that an agreement whereby the parties to a contract fix the amount of damages for a breach of its obligations in anticipation thereof may be enforced as a valid contract where, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage. The rule stated in section 1670 of the Civil Code, must be presumed to apply in all cases, unless the party seeking to recover upon the agreement shows by averment and proof that his case comes within the exception mentioned in section 1671. (*Long Beach City S. Dist.* v. *Dodge,* 135 Cal. 401, [67 Pac. 499].) Plaintiff alleged "that it would be and was and is impracticable or extremely difficult to fix the actual damages suffered by the plaintiff by reason of said breach, to wit: the abandonment by the said Tajiri of the said contract." This, in our judgment, is sufficient to bring the case within the exception. The demurrer, of course, admits this allegation to be true. Whether or not the evidence adduced at the trial will support the allegation, is a question which does not now arise. It may or may not show the contract which Tajiri is alleged to have abandoned was one the nature of which rendered it impossible to fix actual damages, but with this question we are not now concerned. Moreover, conceding the clause which fixed the damage for a breach of the terms of the contract to be void, such fact did not, as claimed by respondent, render the entire agreement invalid, or affect the remainder of the contract whereby Tajiri obligated himself to perform the covenants on his part contained therein. Save as to such provision, which could not be enforced, the contract

was otherwise a valid and binding agreement, and to the extent that it might be enforced against Tajiri, it could likewise be enforced against his bond. This being true, we may disregard as immaterial and surplusage, the provision of the contract fixing the damage; and, since the complaint shows the making of the contract, the giving of the bond by defendant to secure the performance of its terms, and a breach of its covenants, with a sufficient allegation as to the damage sustained (*Barr* v. *Southern Cal. Edison Co., ante,* p. 22, [140 Pac. 47], decided by this court February 16, 1914), it should be construed as sufficient to state a cause of action for actual damage.

The only point raised by the special demurrer which we deem necessary to consider is that wherein it is alleged that the complaint fails to show at what time or in what manner the plaintiff notified the defendant of the failure of R. Tajiri to carry out said contract. As stated, the bond, as a condition precedent to recovery thereon, provided that the obligee therein should notify the surety in writing of any act constituting a breach of the contract on the part of Tajiri, within ten days after learning of such breach; and further provided that a registered letter mailed to the general agents of said surety at their office in Los Angeles, Cal., shall be the notice required within the meaning of this bond. The complaint, after alleging that the acts on the part of Tajiri constituting the breach of the contract occurred about January 1, 1911, avers that plaintiff gave due notice thereof to the defendant Pacific Surety Company in writing as in and by said bond provided. Section 457 of the Code of Civil Procedure, provides: "In pleading the performance of conditions precedent in a contract, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part, and if such allegation be controverted, the party pleading must establish, on the trial, the facts showing such performance." The allegation that the notice was duly given as in and by said bond provided, is, under the provisions of this section, a sufficient averment of compliance with the condition. (*Richards* v. *Travelers Ins. Co.,* 89 Cal. 170, [23 Am. St. Rep. 455, 26 Pac. 762]; *Blasingame* v. *Home Ins. Co.,* 75 Cal. 633, [17 Pac. 925].) The provision of the bond requiring notice of

the breach of the contract to be given to defendant by plaintiff was not a promissory warranty, as suggested by respondent, and hence the cases cited upon the point do not apply.

While the complaint is inartificially drawn, its defects are not subject to the general or special demurrer interposed thereto.

Judgment reversed and the trial court directed to overrule the demurrer.

Conrey, P. J., and James, J., concurred.