[Civ. No. 1859.   Second Appellate District.—May 22, 1917.]

FRANK A. STEPHENS et al., Appellants, v. E. L. DAUGHERTY et al., Respondents.

GUARANTY — PLEADING — PRIMARY OBLIGATION OF PRINCIPALS.—In an action on a contract of guaranty given to secure the payment of rent, the complaint shows no right of recovery, where the facts stated do not show a primary obligation against the lessees corresponding to the obligation of guaranty.

ID.—DEFAULT IN PAYMENT OF RENT — RECOVERY OF LIQUIDATED DAMAGES—INSUFFICIENT COMPLAINT.—In an action on a guaranty to recover the amount stipulated as liquidated damages for failure of the lessees to pay the rent reserved in a lease, the complaint is insufficient where it is not alleged, or shown by the alleged facts that it would have been impracticable or extremely difficult to fix the actual damages accruing to the plaintiffs.

ID.—SURRENDER OF POSSESSION — PLEADING AND EVIDENCE — ACTUAL DAMAGES.—In an action on a contract of guaranty of payment of rent brought after surrender of possession of the demised premises, it is necessary for the lessor to plead and prove the amount of the actual damages suffered by him and coming within the terms of the bond.

APPEALS from judgments of the Superior Court of Los Angeles County.   John M. York, Judge.

The facts are stated in the opinion of the court.

John A. Powell, and Hunsaker & Britt, for Appellants.

Simpson, Moody & Simpson, Stahl & Sayles, and Earle K. Backus, for Respondents.

CONREY, P. J.—The plaintiffs appeal from two judgments entered in favor of the defendants, following upon orders sustaining demurrers to plaintiffs' amended complaint.

As shown by the complaint, the plaintiffs, in October, 1912, made to one J. B. Dodson and his wife, Cora A. Dodson, a five-year lease of a certain apartment house in the city of San Diego for a stated aggregate rental payable at the rate of four hundred dollars per month. In that lease it was agreed as follows: "It is further understood and agreed that the parties of the second part as a part of this transaction shall cause to be executed and delivered to the said parties of the first part at the time of the execution of this lease, a good and sufficient guarantee or bond in the sum of twelve hundred ($1200.00) dollars, as security for the payment by the said parties of the second part of the rent of said premises for three (3) months of said term immediately following the surrender of said premises, to the said parties of the first part, if surrender is made, or the three (3) months immediately following the forfeiture of this lease by the parties of the second part, as the parties of the first part may elect." The complaint alleges that as a condition of entering into said contract of lease, plaintiffs required of said lessees that they should furnish to plaintiffs a guaranty or bond to the effect above stated. Thereupon, in order to comply with that condition, and at the request of said lessees, at the same time and place, and as a part of the same transaction, and of said indenture of lease, the defendants, for the benefit of the plaintiffs and in consideration of the execution of said lease, made, executed, and delivered to the plaintiffs an undertaking, which is set forth in the complaint. The recitals of the undertaking refer to the above-mentioned stipulation contained in the lease, and by said undertaking the defendants guaranteed that "if said property described in said lease should be surrendered to the lessors, or if the said lessees should forfeit the said lease, then and in that case, we, or either of us, promise to pay to the said Frank A. Stephens and Florence L. Stephens twelve hundred ($1200.00) dollars, said twelve hundred ($1200.00) dollars shall become due and payable immediately upon the surrender of said premises to the said lessors, if surrender should be made, or immediately upon the forfeiture of this lease by the said lessees, if forfeiture should be made, as said lessors may elect." The guaranty was ac-

cepted by the plaintiffs, who thereupon executed and delivered the lease, relying upon the security of said bond, and if said bond had not been furnished plaintiffs would have refused to execute said lease. Thereafter, in May, 1914, on account of default in payment of rent for two successive months, plaintiffs made demand in writing upon the lessees for payment of the rent or surrender of possession of the leased property. Payment not having been made, the plaintiffs commenced an action against the lessees to forfeit the lease and to recover possession of the rented premises, together with the unpaid rent and damages for the unlawful detention of the property. And on July 30, 1914, judgment was entered in favor of the plaintiffs in that action against J. B. Dodson and Cora A. Dodson, the defendants therein, awarding to the plaintiffs possession of the leased premises and adjudging the lease to be forfeited. Said judgment was further in favor of the plaintiffs for the sum of one thousand eight hundred dollars, of which one thousand six hundred dollars was specified to be the rent for April, May, June, and July, 1914, and two hundred dollars was allowed as damages for unlawful detention of the leased premises. Thereafter, on August 6, 1914, the lessees surrendered the property to the plaintiffs. After such surrender of possession the plaintiffs commenced this action against the defendants to recover the sum of one thousand two hundred dollars, which they claim from the defendants under the bond executed by them as aforesaid.

The contract of the defendants being only a contract of guaranty, the complaint shows no right of recovery thereon unless the facts, as stated, show a primary obligation against the lessees corresponding to the obligation of guaranty. Sections 1670 and 1671 of the Civil Code are as follows:

"1670. Every contract by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section.

"1671. The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

It is not alleged in the complaint, nor do the facts alleged show, that it would have been impracticable or extremely diffi-

cult to fix the actual damages accruing to the plaintiffs on account of the surrender or forfeiture of the lease. If the code sections quoted above are applicable, facts should have been alleged bringing the case within the exceptions described in section 1671. "The rule stated in section 1670 of the Civil Code, must be presumed to apply in all cases, unless the party seeking to recover upon the agreement shows by averment and proof that his case comes within the exception mentioned in section 1671." (*Los Angeles etc. Assn.* v. *Pacific Surety Co.*, 24 Cal. App. 95, 99, [140 Pac. 295].) By section 1174 of the Code of Civil Procedure it is provided that in an action of unlawful detainer, where the plaintiff recovers for unlawful detainer by the defendant after default in the payment of rent, the court shall not only give judgment for the amount of the rent due, but shall also determine the damages occasioned to the plaintiff by such unlawful detention. It has been held that section 1174 of the Code of Civil Procedure, and certain sections of the Civil Code, provide rules for ascertaining damages in all kinds of actions for the recovery of real property. "When a tenant fails to pay rent as provided in the lease, the amount of damage is not extremely difficult to fix, and it certainly is not impracticable to fix the amount of such damage." (*Jack* v. *Sinsheimer*, 125 Cal. 563, 565, [58 Pac. 130].) It was in accordance with the law as thus stated that the plaintiffs in their action against the lessees were allowed damages for the unlawful detainer of the leased premises. It does not appear that the damages recovered against the lessees had anything to do with conditions which might exist after the actual surrender of the premises; therefore those damages do not represent any part of the amount claimed from the defendants in this action, since they had nothing to do with the payment of "rent" of said premises for time following the date of surrender thereof.

But the primary obligation of the lessees could not have existed to pay contract rent for premises which they were not to possess. There would be no consideration for such a promise. This forces us to the alternative that to be valid at all the obligation of the lessees must have had the nature of an obligation to pay damages for breach of the lease. The determination by the court in the action against the lessees, that the lessors were damaged in the sum of two hundred dollars, is not binding upon the defendants here, since they were not parties to that action. Besides, those damages were merely

for unlawful detention of the premises. To recover upon the undertaking it was necessary to plead and prove the amount of the actual damages suffered by the plaintiffs and coming within the terms of the bond. No such facts are stated in the complaint.

We have given attention to the contention of appellants that a valid agreement may be made (collateral to a lease agreement); that even though there be a forfeiture of the lease, the lessee shall remain personally liable for all or a specified portion of the "rent" for the unexpired portion of the term. It seems to us that the authorities to which appellants refer merely recognize the rule that, under certain circumstances, a landlord who has taken possession of leased property before the expiration of the term, may notify the tenant that in taking such possession he proposes to relet to another at the risk of the tenant, and that he will hold the tenant responsible for such portion of the rent as may remain unpaid after deducting the payments obtained from the new tenant. In such circumstances the possession of the property remains constructively the possession of the tenant, and the landlord does not take possession absolutely in his own right. But in the case at bar it appears that the plaintiffs elected to deprive the lessees of all interest in the leased premises and caused the lease to be absolutely terminated. That having been done, there could be no remaining obligation to pay rent. We think that the plaintiffs here are attempting to recover upon a guaranty, and thereby to enforce the payment of a penalty in a case where there existed no right except such as might be based upon proof of actual damages and of the amount thereof, but have failed to state those necessary facts.

We do not agree with the contention that the promise made by the defendants and their principals may be sustained on the ground that it was a part of the consideration furnished to the lessors for the execution of the lease. The contingent nature of the promise definitely distinguishes it from an actual consideration paid or agreed to be paid for the lease. For the same reason the execution of this undertaking bears no analogy to the payment of a bonus, or preliminary extra compensation, offered as an inducement to the execution of the lease.

The judgments are affirmed.

James, J., and Works, J., *pro tem.*, concurred.