[Civ. No. 632.   Fourth Appellate District.—January 17, 1933.]

HYLTON FLOUR MILLS, INC. (a Corporation), Appellant, v. EDITH J. BOWEN, as Executrix, etc., Respondent.

Jones, Stephenson, Palmer & Moore for Appellant.

Alphonse E. Ganahl for Respondent.

JENNINGS, J.—Plaintiff instituted this action to recover from defendant damages for the alleged breach of a written contract. Defendant interposed a demurrer, both general and special, to plaintiff's complaint. The demurrer was sustained without leave to amend and judgment was rendered in defendant's favor. Plaintiff appeals from the judgment. It is conceded that the single question presented for consideration upon this appeal is the sufficiency of the complaint to withstand the attack presented by defendant's general demurrer.

Two grounds were urged before the trial court in support of the demurrer to the complaint and are here urged by defendant in support of the judgment. These grounds are, first, that the contract for whose breach the action was brought is void for uncertainty and, second, that the complaint shows on its face that it seeks to recover liquidated damages expressly prohibited by section 1670 of the Civil Code.

The contract is pleaded *in haec verba* in the complaint. Omitting that portion of the instrument entitled "Conditions", it is in the following language:

"Miller's National Federation Uniform Sales
Contract.

Contract No.                    (Adopted June 3, 1929)
Date Aug–17–29.

Hylton Flour Mills, Inc.   Ogden, Utah

Sell (s) and E. A. Bowen buy (s) the following commodities (to be manufactured), on the terms and conditions stated below and on Back Hereof, f. o. b. cars to initial carrier at shipping point, freight (basis freight rate in effect date of sale), allowed to Corona Calif.

Time of shipment July 1st, 1930

Destination Track Corona.

Terms of payment Arrival draft with bill of lading attached, through First National Bank

Bank of Corona

Routing Mill option

Seller shall have the option as to routing except as to the delivering carrier.

| Quantity No. of | Packages Size Kind | No. Bbls. Ton or Cwt. | Commodity or brand | Price per Unit. (Bbl. Ton or cwt.) |
|---|---|---|---|---|
| 1260 | 98 Cot | 630 | Confidence | 6.65 |
| | | | Harvester | 6.45 |
| | | | DeLuxe Pastry | 6.40 |
| | | | Overland Clear | 6.15 |
| | | | Sierra Pastry | 5.90 |

Shipping dates to follow

Ship as follows: ....Bbls. on or about..........; ....bbls. on or about..........; ....bbls. on or about..........; ....bbls. on or about.......... No modification, transfer, or change of destination specified in this contract shall be made without the written consent of both seller and buyer.

.This contract is subject to confirmation by the seller at

HYLTON FLOUR MILLS, INC. Seller

By S. E. ARNOLD

E. A. BOWEN Buyer

By .....................

Confirmed by Hylton Flour Mills, Inc. Seller

Date 8/22/29         By C. J. Baker."

It is alleged in the complaint that by this contract defendant agreed to purchase from plaintiff 630 barrels of "Confidence" flour to be manufactured by plaintiff at its mills in Ogden, Utah, and delivered to defendant at Corona, California, and that in accordance with the terms of the agreement plaintiff manufactured and delivered to defendant 210 barrels of said "Confidence" flour on January 20, 1930, and that defendant paid plaintiff therefor.

Defendant urges that the contract is, at best, an offer by the plaintiff to protect the stated prices, severally, for five specified brands of flour, in a maximum quantity of 630 barrels, until July 1, 1930, on the terms declared and that defendant's signature to the agreement imports no more than an acceptance of the offer. It is further argued that, by the averment contained in the complaint relative to

the acceptance of 210 barrels of "Confidence" flour on January 20, 1930, and the payment therefor and the refusal of defendant to order any more flour, it is disclosed that there was no meeting of the minds of the parties as to what brand of flour the remaining 420 barrels should contain. In other words, the contention is that until and unless the buyer should designate what particular brand of flour he desired there was no agreement for the sale and purchase of any flour. With this contention we cannot agree. The above-quoted language of the contract states that plaintiff "sells" and defendant "buys". The quantity is definite. The time within which shipment is to be made is fixed. The terms of payment are set forth. It is true that the buyer is permitted a choice of five different brands. This circumstance, however, does not alter the fact that he has specifically agreed to purchase a definite quantity of flour within a certain fixed period of time. The discretion permitted the purchaser as to the quality or brand of flour to be selected by him did not introduce such an element of uncertainty as would invalidate the contract (*Mebius & Drescher Co.* v. *Mills,* 150 Cal. 229 [88 Pac. 917]).

It is further contended, as above noted, that the complaint is obnoxious to the general demurrer and that the court's action in sustaining the demurrer and in rendering judgment in defendant's favor is sustainable because the only cause of action alleged in the complaint is one whereby plaintiff seeks to recover liquidated damages, so declared in the contract and so pleaded in the complaint. This is said to be in direct contravention of the provisions of section 1670 of the Civil Code. The aforesaid section of the Civil Code is in the following language:

"Contract fixing damages, void. Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section."

The "next section" of the code to which reference is thus made is section 1671. It reads as follows:

"Exception. The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the

nature of the case, it would be impracticable or extremely difficult to fix the actual damage.''

This latter section declares a specific exception to the general rule announced in section 1670, which states that every contract providing for liquidated damages ''is to that extent void''. In the complaint herein there is contained the following allegation: ''That at the time said contract was entered into, to wit: August 17, 1929, it was impracticable and extremely difficult to fix the amount of actual damage or loss that would result to plaintiff by reason of a breach of said contract by defendant, or to prove the same, and for that reason there was provided in said contract a method of calculating the said damages so arising from such breach by defendant as liquidated damages; . . . '' Such an allegation is sufficient to bring the case within the exception provided by section 1671 of the Civil Code, and provides a satisfactory answer to defendant's second contention (*Dyer Bros. Iron Works* v. *Central Iron Works*, 182 Cal. 588, 593 [189 Pac. 445]; *Los Angeles O. G. Assn.* v. *Pacific S. Co.*, 24 Cal. App. 95, 99 [140 Pac. 295]).

For the reasons stated the judgment is reversed and the trial court is directed to overrule the demurrer and to permit the defendant to file an answer to the complaint within the time allowed by law or by the order of said court.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 15, 1933, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 17, 1933.