s/T. M. Kennerly<br>United States District Judge.

## UNITED STATES v. SCHUERMANN.

### Cr. No. 25673.

District Court, E. D. Missouri, E. D.
July 21, 1948.

See, also, 79 F.Supp. 250.

Drake Watson, U. S. Atty., of New London, Mo., and David M. Robinson, Asst. U. S. Atty., of St. Louis, Mo., for plaintiff.

J. F. Duggan and Robert Kratky, both of St. Louis, Mo., for defendant.

HULEN, District Judge.

Defendant was indicted, tried and convicted on an indictment in four counts

charging attempt to defeat and evade Federal income tax by filing false and fraudulent returns for 1942, 1943, 1944 and 1945. Defendant presents a motion containing 63 assignments of error. In oral argument defendant laid principal stress on the point that his motion for directed verdict should have been given at the close of all the evidence. It is strenuously urged the Government's case is based solely upon expenditures to show income and there was no direct evidence of income during the years covered by the indictment, and the verdict results from basing presumption upon presumption.

The charge against the defendant was subject to proof by circumstantial evidence alone. The Government's case was not confined to expenditures by defendant. Evidence of expenditures by the defendant was offered against a background of wilful refusal by defendant to comply with the law on keeping and furnishing records of income—a criminal offense in itself. 26 U.S.C.A. Int.Rev.Code, § 145(a). It is undisputed, the Government checked defendant's income tax returns for several years prior to those covered by the indictment. The check was made prior to the years covered by the indictment. Defendant paid a deficiency as a result of the check. At that time defendant's attention was called to the requirements of the law that records be kept and information as to taxable income be furnished to the Government on request. Defendant did not take the stand but the trial of this case left the Judge with the distinct impression that defendant is not illiterate, but a cool, calculating and efficient operator. Some of the testimony borders on the fantastic. Defendant's father testified with some show of pride that when defendant was yet a minor, by several years, he accompanied him to his grandmother's home where defendant was given $25,000 in currency to enlarge his operations as a bookmaker on race horses. The same witness testified that about 1932 he helped defendant count part of his money, at which time he counted $125,000, acknowledged profits from operating gambling enterprises. When investigation started which ultimately led to the indictment and conviction of defendant he was called upon to produce records of his income for the years 1942 to 1945, inclusive. He blandly refused. The Government then found itself faced with the necessity of determining defendant's income from other sources. Defendant apparently had covered up and hidden his income so successfully that direct evidence was unobtainable. Defendant asserts through counsel that his income during the period involved resulted from the "policy business". This is a form of gambling racket principally confined to the ignorant and illiterate of the Negro race. It is a felony under the Missouri law. Defendant's sole occupation may have had something to do with his methods and system—or lack of system— of handling his income. In addition to defendant's failure to keep records and refusal to produce them on request to the Internal Revenue Agent, there was evidence of defendant's regular method of conducting financial transactions that could have been prompted by no other motive but concealment. He kept a lock box in a bank in a fictitious name. All expenditures were made from currency. He purchased real estate, corporate stocks, and made loans, always in the name of a third party. None of these facts were denied Defendant offered evidence, by which he hoped to convince the jury, that the expenditures could have resulted from funds held by him prior to the taxable period involved. Defendant would have this deduction made from the testimony of his father regarding the loan or money given to defendant by his grandmother and the large sum of money which the father counted for defendant. There was also evidence defendant had on his person over $25,000 on an occasion when he was at the Y.M.C.A. in St. Louis. It was for the jury to believe or disbelieve not only the testimony offered by the Government but that offered by the defendant. Testimony offered by the Government was consistent with the defendant's guilt and inconsistent with the defendant's innocence. We conclude the guilt of the defendant under each count of the indictment was a question of fact for the jury.

There is no merit in defendant's claim that circumstantial evidence offered by the Government, to support conviction,

required basing presumption upon presumption. Evidence of expenditures in a given year, taken with the other facts and circumstances in evidence, presented a question for the jury whether such expenditures represented income for the year expended. To answer the question it was not necessary, as defendant argues, that the jury must divide the inferences deducible from such testimony; that first the jury must infer such expenditures represented income and based upon that inference infer that the income was for the year the expenditure was made. See Cooper v. United States, 8 Cir., 9 F.2d 216, loc. cit. 224.

The remainder of defendant's assignments are without specific reference to the basis of the complaint or without foundation in the record. Assignment 62 alleges error in refusing "to charge the jury that the fact that the defendant did not testify in his own behalf did not create any presumption of guilt against him, as requested by defendant". No such exception was taken to the charge. We did not so understand it. The exception which doubtless defendant refers to did not direct the Court's attention to any requested instruction. We quote from defendant's exceptions:

"The defendant further objects to the charge of the Court because it did not include an instruction that the fact that the defendant had not testified in his own behalf did not create any presumption of guilt."

The law on this subject, as we understand it, is that under the Act of March 16, 1878, 20 Stat. 30, now 28 U.S.C.A. § 632, a defendant is freed in a federal prosecution from his common law disability as a witness, and when the Act was passed Congress coupled with his "privilege" to be a witness the right to have a failure to exercise the privilege "not create any presumption against him".

The Eighth Circuit Court of Appeals in Stout v. United States, 227 F. 799, loc. cit. 803, held:

"This statute restrains both court and counsel from comment upon the failure of the accused to testify."

The Supreme Court said, in Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, 766, 37 L.Ed. 650:

"To prevent such presumption being created, comment, especially hostile comment, upon such failure must necessarily be excluded from the jury. The minds of the jurors can only remain unaffected from this circumstance by excluding all reference to it."

But by virtue of judicial decision a paradoxical rule applies that although it is error for the Court to comment on defendant's failure to testify it is likewise error to refuse such comment if an instruction is properly requested by defendant on the subject. It is not a substantive right nor a privilege of universal recognition. See Wigmore on Evidence, 3d Ed., Vol. 8, § 2272 and cases cited in note.

The Supreme Court in Bruno v. United States, 308 U.S. 287, loc. cit. 293, 60 S.Ct. 198, 84 L.Ed. 257, announces the rule:

"It [Congress] laid down canons of judicial administration for the trial judge to the extent that his instructions to the jury, certainly when *appropriately invoked*, might affect the behavior of jurors." (Emphasis added.)

Even if defendant's exception to the charge could be construed as excepting to failure to give a "requested" instruction, the record shows defendant did not invoke "appropriately" such a request. The day before the charge was delivered request was made of counsel by the trial Judge to submit their requests. At that time defendant handed up a lengthy motion for a directed verdict. No further requests were submitted and the trial Judge assumed the Government and the defendant were counting on the Judge unaided by counsel to instruct the jury. Arguments were arranged for and counsel argued the case without any further comment on instructions. When arguments were concluded defendant then handed to the Court twenty-two typewritten pages of instructions. Among the instructions was one on the subject of failure of the defendant to

250

testify. Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, requires that instructions be submitted "At the close of the evidence or at such earlier time during the trial as the court reasonably directs * * *." This follows a rule of long standing. Orderly procedure calls for the submission of instructions prior to argument. How else can the Court comply with Rule 30 by informing counsel of its "proposed action upon the requests prior to their arguments to the jury * * *"? Defendant was not represented by inexperienced counsel. Counsel for defendant are among the most able and resourceful who try criminal cases in this Court. We are loath to believe they are not acquainted with the rules of criminal procedure. In preparation of this case for trial and in the trial they evidenced thorough acquaintance with procedural rules.

It was not the duty of the Court to give such an instruction absent a proper and timely request. Failure to give without timely request is not error. Salinger v. United States, 8 Cir., 1927, 23 F.2d 48; Weaver v. United States, 8 Cir., 1940, 111 F.2d 603; Lewis v. United States, 8 Cir., 1946, 153 F.2d 724. No copy of defendant's instructions were ever given to the District Attorney as directed by the rule.

Aside from these considerations the instruction appears to be subject to the same criticism under similar conditions as the one referred to in the Stout case, supra. In the present case defendant not only had failed to take the stand but also refrained from offering any evidence whatever by witness or records of his refusal to keep and submit records and attempts to conceal his income. It would appear therefore that the defendant's claim of immunity or protection as set out in the instruction is broader than the statute.

The verdict of the jury in our opinion was warranted by the evidence and defendant's motion should be overruled.