UNITED STATES v. SCHUERMANN.
Cr. No. 25673.

District Court, E. D. Missouri, E. D.
July 28, 1948.

Drake Watson, U. S. Atty., of New London, Mo., and David M. Robinson, Asst. U. S. Atty., of St. Louis, Mo., for plaintiff.

J. F. Duggan and Robert Kratky, both of St. Louis, Mo., for defendant.

HULEN, District Judge.

Defendant's application for bail pending appeal is for ruling. Rule 46(a) (2), Federal Rules of Criminal Procedure, 18 U.S. C.A. following section 687, governs:

"Bail may be allowed pending appeal or certiorari only if it appears that the case involves a substantial question which should be determined by the appellate court. * * *"

Prior to the adoption of the new criminal rules the Eighth Circuit Court of Appeals, in Bernacco et al. v. United States, 299 F. 787, 788, declared:

"The court is clear that the allowance to bail after conviction is not an absolute right, but entirely within the exercise of a sound judicial discretion. This was true at common law."

■ Our conclusions on the assignments of error of the defendant, as they were presented on motion for new trial, are set forth in memorandum attached to order disposing of that motion. 79 F.Supp. 247. We will not repeat them except to affirm that we do not feel defendant has submitted "a substantial question which should be determined by the appellate court".

An expression on the pending motion from the United States District Attorney would have been welcome, but after all it is the responsibility and sole responsibility of the Judge of this Court to answer the request of the defendant for bail.

■ Defendant's unusual business of lawlessness and a continuance of such conduct if let to bail has some bearing on his request for bail. It is asserted by his counsel that defendant has never been convicted of a criminal offense. Assuming defendant's criminal record is clear, yet it is freely conceded, and was throughout the trial, that his business is now and has been for many years that of the "policy game"—a felony under the Missouri law. We can see little difference, as affects the present question, between conviction of a felony and conceded commission of acts upon which a conviction could be based if proof, beyond admission, were obtainable. There is no escape from the conclusion defendant's business is a continuous day-to-day commission of felonies under State law. His attitude appears to be one of defiance of the law, with which he apparently is not in agreement, and clever operations making apprehension by the authorities difficult if not impossible.

There was testimony offered, bearing upon question of punishment, that defendant although confined in jail through agents or "managers" is still carrying on the "policy game". Defendant's counsel stated that his investigation was to the contrary. What this investigation consisted of we do not know, but defendant himself had nothing to say on the subject. Noticeably absent was any representation that if defendant were admitted to bail he would not continue his business of day-to-day commission of offenses against the laws of the State of his residence.

The most serious aspect of defendant's application is the circumstance before the Court of defendant's attitude toward the particular law under which he was convicted. We inquired if the defendant had ever at any time furnished any records of his income to the Government and we were informed that the Government had asked for a "profit and loss" statement and that under the law "the Government was not entitled to it". There are records to which the Government is entitled and which the defendant is required to keep and we believe defendant is well aware of his obligation in that respect. He should keep records showing his income. Testimony in this case was that he did not keep any records of his income; at least if he kept them he did not make them available to the Government. We were informed on the hearing of the motion that defendant has not changed his practice with reference to such records. We assume from that defendant does not now keep proper records of income from day to day of his business, the "policy game". If he does he will not give the Government access to them. Attempts on the part of the Judge to get information on this subject were met by a lack of that frankness we had a right to expect if defendant has decided to obey the law he was convicted of violating. Why does defendant, a man of good mind, fair education, and outstanding ability, in a business where cunning is doubtless a requisite of success— why does he persist in filing income tax returns and then defy the Government to prove they are wrong? And in answer to efforts of the Government to determine with some degree of exactness what his income is, exerts his powers to thwart the efforts of the Government? We can draw only one conclusion. That conclusion does not recommend bail for the defendant in this case. United States ex rel. Estabrook

v. Otis, 8 Cir., 1927, 18 P.2d 689; United States v. Delaney, D.C.N.J.1934, 8 F.Supp. 224; Kitrell v. United States, 10 Cir., 1935, 76 F.2d 333.

We have given the present motion our serious consideration and under the circumstances presented feel that we have little or no choice in our ruling.

### Order

Defendant's application for bail pending appeal is overruled for reasons stated in memorandum above.